IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS EVANS ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-0057 |
| ) | |
| UNITED STATES OF AMERICA, ) | Senior Judge Haynes |
| ) | Magistrate Judge Knowles |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This is a proceeding brought by a federal prisoner to challenge his sentence pursuant to 28 U.S.C. § 2255. The movant, Douglas Evans, is serving a prison sentence of 180 months, imposed in 2009 by the Honorable William J. Haynes, Jr. after the movant entered a guilty plea to the charge of being a convicted felon in possession of a firearm. The movant did not pursue a direct appeal.

The movant filed his motion to vacate his sentence, along with a "Supplemental Brief," in this Court on January 8, 2015 (ECF Nos. 1, 2). The United States has responded (ECF No. 13), arguing that the motion should be denied on the basis that it is barred by the statute of limitations. The movant filed a reply brief (ECF No. 15).

Judge Haynes has referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Section 2255 Proceedings in the District Courts. After review of the record, I conclude that the movant's challenge to his sentence is barred by the statute of limitations. I therefore recommend that the movant's § 2255 motion be denied.

### Proposed Findings of Fact

Movant was indicted on September 24, 2008 of being a felon in possession of a firearm, in violation of 28 U.S.C. §§ 922(g) and 924(e)(1). (Case No. 3:08-cr-00209, Indictment, ECF No. 1.) He pleaded guilty to that charge on March 9, 2009. (Case No. 3:08-cr-00209, Order accepting Plea Petition, ECF No. 38.) On July 6, 2009, the Court sentenced him to 180 months of imprisonment and 3 years of supervised release. (Case No. 3:08-cr-00209, Judgment, ECF No. 63.)

On January 20, 2015, approximately five and a half years after entry of judgment, the movant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, raising several grounds for relief, including that his Sixth Amendment right to the effective assistance of counsel was violated when his attorney failed to object to the movant's being sentenced as a career offender, "failed to challenge and argue the elements instead of the facts" (Case No. 3:15-cv-0057, Habeas Petition, ECF No. 1, at 5), failed to object to the use of "old" offenses to enhance his sentence (*id.* at 6); and failed to investigate the indictment and charges (*id.* at 8); and that the indictment was insufficient because it did not state the elements of the crime charged (*id.* at 9).

## Proposed Conclusions of Law

A prisoner in custody under a sentence issued by a federal court may move the Court to vacate, set aside, or correct his sentence on the grounds that the sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, a motion for post-conviction relief under § 2255 is subject to a one-year state of limitations that runs from the latest of four enumerated events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

It is clear that only subsection (1) is applicable here—the date on which the judgment became final. The movant does not argue that a government-created impediment prevented him from filing the motion earlier; that a newly recognized right made retroactively applicable provides him relief; or that the facts supporting his claim were not previously discoverable through the exercise of due diligence.

The movant's judgment became final upon the expiration of the time for filing a direct appeal in his case. *Clay v. United States*, 537 U.S. 522, 525 (2003). Under Rule 4(b)(1)(A), the movant had fourteen days after the entry of judgment to file a notice of appeal. The judgment therefore became final on July 20, 2009,

and the one-year limitations period in § 2255(f) began running on July 21, 2009.

Although the limitation period of § 2255(f) may be subject to tolling, *Hargrove v. Brigano*, 300 F.3d 717, 719 (6th Cir. 2002), federal courts grant such relief sparingly. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir.2005). The Supreme Court instructs that, to be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The movant in this case does not posit that equitable tolling applies, nor does he present any facts suggesting that he has pursued his rights diligently or that any extraordinary circumstances prevented him from filing his § 2255 motion until more than five years after his judgment became final. The motion in this case, filed more than five years after the movant's judgment became final, is therefore time-barred. 28 U.S.C. § 2255(f)(1).

## Recommendation

In light of the foregoing, the undersigned recommends the Douglas Evans's § 2255 motion be dismissed as barred by the statute of limitations.

The movant has fourteen days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Millon*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

E. CLIFTON KNOWLES
United States Magistrate Judge