IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 3:15-cv-00057 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

MEMORANDUM OPINION

Pending before the Court is the Notice of Claims (Doc. No. 56) filed by Petitioner through his former counsel, as supplemented by Petitioner's filings (discussed below) at Doc Nos. 67-1, 67-2, 69, 69-1 (collectively, the "Petition on Remand") filed by his current counsel. Subsequent to these filings, and earlier this year, this case was transferred to the undersigned district judge. As the undersigned perceives from the record, this case is on remand from the Sixth Circuit, which effectively reversed the dismissal of Petitioner's original motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed in Middle District of Tennessee Case No. 3:08-cr-00209. The undersign gathers that the Petition on Remand essentially serves as Petitioner's amended, post-appeal motion under Section 2255(a). The Government responded in opposition to the Notice of Claims (Doc. No. 59).[1] The Petition on Remand is ripe for decision.

---

[1] Perhaps perceiving, understandably enough, a lack of permission to file anything further after Doc No. 59, the Government has not responded to the information and arguments presented by Petitioner in Doc Nos. 67-1, 67-2, 69, and 69-1. Nevertheless, the Court is adequately informed to render a decision on the Petition on Remand.

1

# PROCEDURAL BACKGROUND

In its order remanding this case, the Sixth Circuit cogently set forth the procedural history of, and issue for consideration in, this case:

> In 2009, Evans pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). The district court sentenced Evans as an armed career criminal to 180 months of imprisonment. Evans did not appeal. In January 2015, Evans filed a § 2255 motion to vacate, raising four grounds for relief: (1) trial counsel performed ineffectively by failing to object to the application of a sentencing enhancement under the Armed Career Criminal Act ("ACCA"); (2) the district court improperly applied the ACCA sentencing enhancement; (3) trial counsel performed ineffectively by failing to investigate the indictment and charges against him; and (4) the indictment was insufficient.
>
> A magistrate judge recommended denying Evans's § 2255 motion because it was barred by the one-year statute of limitations, and Evans failed to allege or show that he was entitled to equitable tolling. On May 11, 2015, over Evans's objections, the district court adopted the magistrate judge's report and recommendation, dismissed Evans's § 2255 motion, and declined to issue a certificate of appealability. Evans did not appeal. On July 20, 2015, Evans filed an "addendum" asking the district court to consider the impact of *Johnson v. United States*, 135 S. Ct. 2551 (2015), on his case. The district court construed Evans's filing as a motion for relief from judgment filed under Federal Rule of Civil Procedure 60(b). It denied the motion, finding that *Johnson* was not retroactively applicable to cases on collateral review. The district court subsequently granted Evans a certificate of appealability on the question of whether *Johnson* is retroactively applicable to cases on collateral review.
>
> The government has now moved to remand the case so that the district court can consider Evans's *Johnson* claim in the first instance. This court has held that *Johnson* does, in fact, apply retroactively to cases on collateral review. *See In re Watkins*, 810 F.3d 375, 383-84 (6th Cir. 2015). The district court's order denying Evans's Rule 60(b) motion was based solely upon its finding to the contrary.

(Doc. No. 51 at 203). Thus, the Sixth Circuit remanded this case "for consideration of those of Evans's claims that are based on *Johnson*." (*Id.*). Petitioner thereafter filed in this Court his Petition on Remand.

# *UNITED STATES v. JOHNSON*

The Sixth Circuit did not perceive the need to discuss *Johnson* or its relevance to this case, and so the Court will do so now. *Johnson* relates to the enhancement of sentences for Section 922(g) convictions under the Armed Career Criminal Act (18 U.S.C. § 924(e), "ACCA"). Under the ACCA, a defendant convicted of a violation of 18 U.S.C. § 922(g) is subject to a mandatory minimum 15-year sentence if, prior to the violation, he or she had at least three previous convictions for a "violent felony" (or "serious drug offense," though none are implicated in this case) committed on occasions different from one another.

A "violent felony" for purposes of the ACCA is an offense that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. *See* § 922(e)(2)(B). The first provision —*i.e.*, provision (1) — is referred to as the "force [or use of physical force] clause" or "elements" clause. *See Dunlap v. United States*, -- F.3d --, No. 18-5233, 2019 WL 3798534, at *3 (6th Cir. Aug. 13, 2019). The first part of the second provision—*i.e.*, provision (2)—is referred to as the "enumerated-offense clause," while the second (*i.e.*, post-comma) part of the second provision is referred to as the "residual clause."

In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague, striking down this part of the statute. The upshot of *Johnson* is that now a prior felony can constitute a "violent felony" only if it satisfies the force clause or the enumerated-offense clause.

## ANALYSIS

Petitioner argues that *Johnson* invalidates the ACCA-predicate status of all three of his prior convictions that were used by the sentencing court as the predicates to impose upon him the

ACCA's mandatory minimum sentence of 15 years. In particular, he claims that post-*Johnson*, none of his convictions (which were all imposed by Tennessee state courts under Tennessee law) should be counted as ACCA predicates. (Doc. No. 56 at 1). He asserts that none of those convictions—for aggravated assault, robbery without a deadly weapon, and armed robbery— qualifies under either the force clause or enumerated-offense clause. If he is correct with respect to any one of these, then he would be left with fewer than three ACCA predicates and thus not legally subject to the mandatory minimum 15-year sentence that was imposed on him.

The argument can be dispatched quickly with respect to the two robbery convictions. Petitioner candidly acknowledges (Doc. No. 56 at 8) that the Sixth Circuit has held that Tennessee robbery convictions categorically have an element of force for purposes of the ACCA and thus satisfy the force clause. *See United States v. Mitchell*, 743 F.3d 1054, 1060 (6th Cir. 2014). Petitioner implies that *Mitchell* should be overturned. However, the Sixth Circuit recently has refused on multiple occasions to overturn *Mitchell*, even after the Supreme Court decided *Johnson*. *See United States v. White*, 768 F. App'x 428, 431 (6th Cir. 2019); *United States v. Porter*, 765 F. App'x 128, 129 (6th Cir. 2019). It is still the law of this circuit that Tennessee's robbery statute, Tenn. Code Ann. § 39-13-401, categorically requires the use of force, so that any conviction under that statute qualifies as "violent felony" under the ACCA.[2] *White*, 768 F. App'x at 431. Each of Petitioner's two convictions under the statute, therefore, counts as an ACCA predicate.

That leaves only Petitioner's challenge to the "violent felony" classification of his Tennessee conviction for aggravated assault, to which Petitioner devotes most of his attention. Petitioner asserts, correctly, that this crime (undeniably a felony) does not fall within the

---

[2] *Porter* does not address armed robbery specifically. However, the court in *Porter* makes it clear that "robbery" is a violent felony, as it reaffirmed *Mitchell*. Thus, this Court can safely assume that armed robbery is also a violent felony for purposes of the ACCA.

4

enumerated-offense clause, in which case, "[u]nder *Johnson*, we limit crimes of violence to those involving force capable of causing physical pain or injury."[3] *United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2017). The Government does not contend otherwise. Rather, the Government disputes Petitioner's claim that his aggravated-assault conviction does not fall within the force clause.

In its response to Petitioner's Notice of Claims, which it filed on June 27, 2016, the Government conceded that the Sixth Circuit had already held that aggravated assault (as proscribed by Tenn. Code Ann. § 39-13-102) is not categorically a "violent felony" (Doc. No. 59 at 2) (citing *United States v. McMurray*, 653 F.3d 367, 374 (6th Cir. 2011)). The Government argued, however, that Tennessee's aggravated assault statute (Tenn. Code Ann. § 39-13-102) is "divisible" and thus subject to what is referred to as the "modified categorical approach," whereby a court can look at various documents in the petitioner's aggravated-assault case to determine whether the petitioner had been convicted of some identifiable and distinct subpart of the aggravated-assault statute that did proscribe a violent felony even if other parts of the statute did not. (*Id.* at 2-5) (citing, *inter alia*, *McMurray*, 653 F.3d at 377-378)). In its response to the Notice of Claims, the Government conceded that *McMurray* held that the part of the Tennessee aggravated-assault statute that prohibited *recklessly* committing an assault and causing bodily injury to another does not qualify as a "violent felony"; however, the Government asserted essentially that the part of the statute that proscribes *knowingly* or *intentionally* committing an assault causing bodily injury *does* proscribe

---

[3] The Sixth Circuit here may be somewhat inexact in paraphrasing the force clause, but it makes the important point that where the enumerated-offense clause is inapplicable, a felony can be a violent felony only under the force clause because *Johnson* has eliminated the option of the residual clause.

a violent felony, and that Petitioner could not prevail because he had not met his burden of showing that he was not convicted for the *knowing* or *intentional* variety of aggravated assault. (*Id.* at 4-5).[4]

Accepting *arguendo*, instead of contesting, the Government's suggestion to use the modified categorical approach, Petitioner took it upon himself to obtain documents (so-called *Shepard* documents) from state court to determine the specific part of Tennessee's aggravated-assault statute for which he was convicted. (Doc. No. 69 at 1). Hobbled by relatively sparse indicia of what part of the statute he pled guilty to violating, Petitioner was relegated to quoting the portion of the transcript of his plea hearing where the prosecutor provided the factual basis for his offense of conviction, then arguing that the factual basis was ambiguous as to whether the alleged assault was committed intentionally or knowingly or, instead, merely recklessly.[5] In other words, according to Petitioner, there was no basis in the record to conclude that Petitioner's aggravated-assault conviction did not involve a reckless assault, meaning that under *McMurray* there was no basis to conclude that he was convicted of a violent felony.

Unfortunately for Petitioner, since he made this argument on November 16, 2016 when he filed Doc. No. 69, insofar as *McMurray* held that mere recklessness will not suffice to make a felony assault a "violent felony," it was overruled in *United States v. Verwiebe,* 874 F.3d 258 (6th Cir. 2018), based on intervening Supreme Court case law. *See Dillard v. United States*, 768 F. App'x 480, 485, 487 (6th Cir. 2019) (noting that as to *McMurray*'s holding that "the 'use of physical force' clause of the ACCA . . . requires more than reckless conduct", 653 F.3d at 375,

---

[4] The Government cited no authority for the proposition that the burden was on Petitioner to make this specific showing, but the Court here need not resolve whether the Government was inaccurate in presuming to shoulder Petitioner with this burden.

[5] The Court need not address the validity of this argument, because, as discussed below, even an assault committed recklessly constitutes a violent felony under the ACCA.

"*Verwiebe* has since overruled *McMurray*").[6] True, *Verwiebe* dealt with the elements (or force) clause contained in the definition of "violent felony" for purposes of the Career Offender Guideline, U.S.S.G. §4B1.2(a)(1). But "[b]ecause the text of the ACCA and Guidelines elements clauses are identical, we typically interpret both elements clauses 'the same way.'" *United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019) (en banc) (quoting *United States v. Harris*, 853 F.3d 318, 320 (6th Cir. 2017)). Given this reality, and given *Verwiebe*'s approval of other circuits' reaching the same conclusion with respect to the ACCA (as noted in the below footnote), it was not difficult to see where this was headed: since *Verwiebe* was decided, it has been applied both to the ACCA specifically and to the Tennessee aggravated-assault statute specifically. As explained by the Sixth Circuit approximately a year ago:

> Furthermore, this circuit has subsequently applied *Verweibe* [sic] specifically to the Tennessee aggravated assault statute, concluding that reckless aggravated assault

---

[6] In *Verwiebe*, the Sixth Circuit explained its overruling of *McMurray* (which, though unstated by *Dillard*, was implicit rather than explicit, as *Verwiebe* did not mention *McMurray* specifically) as follows:

> Verwiebe also suggests that § 113(a)(6) does not qualify as a crime of violence because a mental state of recklessness suffices for conviction. True, we have held that a crime requiring only recklessness does not qualify as a crime of violence under § 4B1.2(a). *United States v. McFalls*, 592 F.3d 707, 716 (6th Cir. 2010). True also, only the en banc process, a material intervening Supreme Court decision, or a relevant change to the Guidelines permits us to override binding circuit precedent. *See Sykes v. Anderson,* 625 F.3d 294, 319 (6th Cir. 2010); 6th Cir. R. 32.1(b). But since *McFalls*, the Supreme Court has found recklessness sufficient to constitute a crime that "has, as an element, the use or attempted use of physical force" under a statute preventing those convicted of a "misdemeanor crime of domestic violence" from possessing a firearm. *See Voisine v. United States*, ––U.S.––, 136 S. Ct. 2272, 2280, 195 L.Ed.2d 736 (2016); 18 U.S.C. § 921(a)(33)(A)(ii). The Court relied on the definition of the noun "use" as "the act of employing" something to conclude that the "use of physical force" requires volitional but not intentional or knowing conduct. *Voisine*, 136 S. Ct. at 2278–80. The Court invoked a person throwing a plate in anger at a wall near his wife and a person slamming a door shut with his girlfriend close behind as examples of reckless conduct that would each be commonly understood as a "use of physical force." *Id.* at 2279.
>
> Although the Court left undecided whether its statutory interpretation should extend to other contexts, *Voisine*'s analysis applies with equal force to the Guidelines, which define crimes of violence nearly identically to § 921(a)(33)(A)(ii): any felony that "has as an element the use, attempted use, or threatened use of physical force." U.S.S.G. § 4B1.2(a). Not surprisingly, as a result, the Fifth, Eighth, and Tenth Circuits have held that *Voisine* confirms that recklessness suffices under the elements clause of the Armed Career Criminal Act and the Guidelines.

*Verwiebe*, 874 F.3d at 262.

7

in Tennessee is a crime of violence under the use-of-force clause. *United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017) (holding that *Verwiebe*, while mistaken, governs this case). Although both *Verwiebe* and *Harper* dealt with the use-of-force clause under U.S.S.G § 4B1.2, their holdings apply equally to the ACCA's use-of-force clause because both clauses have consistently been construed to have the same meaning. *See, e.g.*, *United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017). Thus, *Harper* is binding, and § 39-13-101(a)(1) is categorically a crime of violence.

*Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018).

Despite being unpersuaded by *Verwiebe*, the referenced Sixth Circuit panels followed it, as they were bound to do. And, likewise, obviously this Court must follow both *Verwiebe* and the Sixth Circuit decisions that followed it. The conclusion is therefore clear: like his two robbery convictions, Petitioner's aggravated assault conviction qualifies as a "violent felony" for ACCA purposes. With three qualifying convictions, Petitioner loses his challenge to the imposition of the 15-year mandatory minimum under 18 U.S.C. §924(e) based on those convictions. Accordingly, his Petition on Remand will be denied.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE